B. N. C. WAIST Co., INC., Appellant, *v.* EDMUND BAUM and Another, Copartners, Doing Business under the Firm Name and Style of BAUM, STRAUSS & Co., Respondents.

First Department, June 1, 1923.

Sales — action by buyer to recover for failure to deliver — contract provided that order was subject to delay or non-delivery caused by reasons beyond control of sellers and was subject to curtailment in case of inability to deliver through strikes — after time for delivery sellers tendered goods not purchased to fill order — failure of sellers' contractors to deliver does not excuse default — longshoremen's strike in New York city not excuse — strikes in England where goods were manufactured no excuse — tender was not good.

In an action by a buyer to recover damages based on the failure of the sellers to deliver the goods sold, the defendants interposed the defense that they were excused from performance of the contract under the terms thereof which provided that the orders were taken subject to delays or non-delivery caused by any reason beyond the control of the defendants, and that the contract was subject to curtailment in case of the defendants' inability to make delivery through war, shipping delays, embargo, strikes, etc. After the last day for delivery and after this action was commenced, defendants tendered certain goods said to be the same kind as those ordered, which goods were in New York harbor prior to the last day for delivery, but owing to a longshoremen's strike were not received by the defendants in time to make delivery under the terms of the contract. In a bill of particulars the defendants set up as causes for non-delivery a railroad strike in England where the goods were to be manufactured, a strike of mill operatives in England, a strike of longshoremen in New York and a coal strike in the United States.

*Held,* that the failure of the defendants' contractors to deliver the goods with which the defendants were to fill plaintiff's order, does not excuse defendants under the provision in the contract that failure to deliver will be excused if caused by some reason beyond their control.

The longshoremen's strike in New York city will not excuse defendants' failure to deliver, since they did not show that they had the merchandise contracted

for, and, except for the contingency that there was a strike in the harbor, they would have been able to deliver it.

None of the other defenses which the bill of particulars specifies as having prevented production or exportation from England is supported by the evidence.

The tender made by the defendants after the expiration of the contract did not relieve them of the liability already incurred.

APPEAL by the plaintiff, B. N. C. Waist Co., Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 31st day of October, 1922, upon the verdict of a jury rendered by direction of the court.

*A. Bertram Samuels* [*John E. Leddy* of counsel], for the appellant.

*Max D. Steuer* [*Irving D. Lipkowitz* of counsel], for the respondents.

McAvoy, J.:

At the trial the court directed a verdict at the close of defendants' case, apparently on the theory that under the contract defendants had conclusively proven without contradiction that they were excused from performance of the contract under the terms of the clause excusing performance. The excusatory features of the contract are divided into two sections written together at the top of the order. Both clauses are as follows:

" All orders are taken subject to delays or non-delivery caused by any reasons beyond our control.

" This contract is subject to curtailment in case of seller's inability to make delivery through war, shipping delays or embargo, strikes, etc."

The contract was for 25,000 yards of Queen quality imported voile. It was obviously, according to the proof, intended that this voile should be what is known as 2 ply-140 voile, and that it was to be purchased abroad by the sellers for delivery to the buyers. The sellers did make a contract with one Tattersall Brothers for a delivery of this character of goods to be made in the first week of October, 1919, and to be completed in the second week of November. Defendants' contract as to delivery to the plaintiffs here was marked: " November, December, sooner if possible." The defendants, the sellers, placed this order with Tattersall Brothers in Manchester, Eng., for 60,000 yards. They had given a previous order in May. The order for the goods here was sent to the manufacturers, James Magnus, Ltd., of Manchester, by Tattersall Brothers, August 22, 1919, following plaintiff's order here of August sixth, but no goods were ever delivered under this order by the English manufacturers to the defendant, Baum, Strauss & Co., up to December thirty-first, the last day for per-

formance under delivery clause. On January 14, 1920, suit was commenced for damages for failure to furnish the goods. After suit was brought, the defendants tendered, apparently acting under a right they deemed they had within the second clause of the excusatory provisions, a part of certain goods said to be of the same kind as here ordered, which had been lying out in the New York harbor on board the steamship *Victorious*, due to a longshoremen's strike, since around November twenty-third, and which were not docked until December second, and thereafter were processed. These goods the plaintiff refused to receive on the ground that it was too late to receive any. They also claimed on the trial that these goods were not those intended for them, but were part of an order placed in May for other purchasers, and that they were thus under no obligation to take them. It is true that these goods were not of the purchase made by the defendants in August for plaintiff, nor does it satisfactorily appear that they were of the same character as those goods, or if they had arrived prior to December thirty-first, that they would have been a good delivery. But it is unnecessary to consider this, since I think the direction of a verdict must be set aside because the first clause of the excusatory provision does not relieve the sellers here from liability for a non-delivery to the buyer unless caused by some reason beyond their control, and there was no proof in the record of defendants' default on that account.

This clause does not render impossibility of performance by defendants, due to a failure of delivery by the sellers' contractors, a ground for repudiation of its obligation. It is not a case in which the very condition of the contract presupposes that, before the sellers' liability here will occur, there shall be a delivery by the sellers' contractors which will be a condition precedent to making them subject to liability. It is a clause, as defendants set out in their separate defense, that expressly provides " that the defendants be absolved from any liability for failing to make delivery by reason of any delays and non-delivery caused by any reasons beyond their control," and that, as they further allege in the same defense: " Due to numerous labor conditions, shipping delays and embargoes, all of which were beyond the control of these defendants, these defendants were and have been unable to make delivery of the  *  *  *  contract referred to in the complaint." Their bill of particulars, by which they were limited in proof of causes for non-delivery or delay, shows that they gave plaintiff notice that they would rely on these causes for non-delivery:

(1) A railroad strike in England between September 20 and

October 8, 1919, which occasioned the closing of the mills in England during that period and for three or four weeks thereafter.

(2) A strike of mill operatives in Lancashire, England, in the cotton milling district between September, 1919, and April, 1920, which occasioned the closing of the spinning mills which did the spinning of the yarn, and the weaving mills which wove the cloth.

(3) A strike of longshoremen in November, 1919, at the port of New York, which lasted for about four weeks.

(4) In November, 1919, there was a coal strike in the United States.

(5) In December, 1919, there were in the city of New York snow storms and blizzards which paralyzed the transportation systems in and about the city.

The only proof in the record upon which an excuse can be predicated for performance under these enumerated defenses, as the bill outlined them, is proof of the longshoremen's strike at the port of New York, and this could not avail defendants, because they have not shown that they had the merchandise contracted for, and except for the contingency that there was a strike pending in the harbor, they would have been able to deliver it. There is nothing which gives ground for the finding that defendants would have delivered these goods ordered in August but for the longshoremen's strike in New York harbor. None of the other defenses which the bill specifies as having prevented production or exportation from England, find any basis in the evidence offered in the case. The defense actually proven had no relation whatever to that which was actually alleged. The goods which defendants tendered were not so tendered in conformance with any provisions in the contract which would permit them thus to relieve themselves of liability.

The court's direction of a verdict at the trial, based on its conclusion that this tender and refusal of another lot of goods, which had been delayed on a ship in the harbor through the longshoremen's strike, was reasonable conduct on the part of the defendants in endeavoring to carry out their duty of performance under the contract, cannot be sustained. Obviously, this did not excuse performance under the contract. Nor does the answer or the bill of particulars so maintain.

The judgment holding that it did is, therefore, erroneous and should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.